1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    KEITH RIVERS,                          Case No.  22-cv-01576-JSC

8                   Plaintiff,

                                            **SCREENING ORDER PURSUANT TO**
9          v.                               **28 U.S.C. § 1915**

10   CITY OF AMERICAN CANYON, et al.,        Re: Dkt. No. 1

                   Defendants.
11

12

13        The Court previously granted Plaintiff's Application to Proceed in Forma Pauperis.  (Dkt.

14   No. 4.)  It must now review the complaint's allegations under 28 U.S.C. § 1915.  Because

15   Plaintiff's claims do not comply with Federal Rule of Civil Procedure 8, the Court gives Plaintiff

16   the opportunity to amend the complaint.

17                              **COMPLAINT ALLEGATIONS**

18        Plaintiff is an African American man who was a resident of American Canyon, California

19   for over four years.  On September 14, 2021, Plaintiff's neighbor Victor Ramon Fregoso punched

20   Plaintiff's parked vehicle, causing $1,500 in damages.  Officers Ruggiero and Scott decided not to

21   arrest Mr. Fregoso.  Mr. Fregoso also "attacked Plaintiff . . . on more than one occasion"; all the

22   Defendants involved knew about the attacks but ignored them.  (Dkt. No. 1 at 18.)  On October 15,

23   2021, Napa County Superior Court Judge Cynthia P. Smith denied Plaintiff's request for a

24   restraining order against Mr. Fregoso.  Judge Smith "displayed favoritism . . . probably due to skin

25   color, which is discrimination."  (*Id.*)  "The courts and the police have failed to protect me and my

26   family on purpose."  (*Id.* at 23.)  On November 5, 2021, Plaintiff was unlawfully arrested at his

27   home "for misdemeanor disturbing the peace with fighting," and was later evicted.  (*Id.*)

28   American Canyon police officers have followed and harassed Plaintiff and his family.  Most

United States District Court
Northern District of California

1  recently, on December 30, 2021, an officer drove past Plaintiff while he was filling his car at a gas

2  station in the middle of the night.  The officer parked across the street and waited for Plaintiff.

3  When Plaintiff left the gas station, the officer followed and tailgated Plaintiff for eight blocks.

4  Plaintiff brings claims for violations of the Fourth and Fourteenth Amendments pursuant to

5  42 U.S.C. § 1983.  (*Id.* at 9.)  He also describes "violation of civil and constitutional rights,

6  discrimination, negligence, false arrest, false imprisonment, conspiracy, slander, libel, discourtesy,

7  racial profiling, wrongful eviction, harassment, mental distress, emotional distress, and pain and

8  suffering." (*Id.* at 10.)  He names as Defendants the City of American Canyon, American Canyon

9  Police Department, City of Napa, County of Napa, Napa County Superior Court, Napa County

10  Department of Corrections, and Napa County Sheriff's Department; American Canyon police

11  officers Jeffrey Scott, Wagoner, Scott Ruggiero, and Cooley, sued in their individual capacities;

12  Napa County Superior Court Judge Cynthia P. Smith, sued in her individual capacity; the property

13  manager of Plaintiff's residence, Reliant Property Management; Reliant's employees Demetrius

14  Mance, Jacqueline Ponce, Averen Calvin, and Luis Doe; Reliant's attorneys Krista Anne-Marie

15  Lister, Scott Chaplan, Gary Fidler, and Richard Greene; and Plaintiff's neighbors Victor Ramon

16  Fregoso and Valerina Prekaj.

17  **LEGAL STANDARD**

18  A court must dismiss an *in forma pauperis* complaint before service of process if it is

19  frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28 U.S.C.

20  § 1915(e)(2).  Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure

21  12(b)(6) regarding dismissals for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2); *see also*

22  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  The complaint therefore must allege

23  facts that plausibly establish each defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S.

24  544, 555-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

25  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

26  alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

27  A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the

28  complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015

2   WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015).  "While the federal rules require brevity in

3   pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the

4   claim and the 'grounds upon which it rests.'"  *Coleman v. Beard*, No. 14-CV-05508-YGR (PR),

5   2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93

6   (2007).  A complaint that fails to state a defendant's specific acts "that violated the plaintiff's

7   rights fails to meet the notice requirements of Rule 8(a)."  *Medina Chiprez v. Becerra*, No. 20-CV-

8   00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v.*

9   *United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

10        Plaintiff is proceeding without representation by a lawyer.  While the Court must construe

11   the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to

12   the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

13   Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this

14   District.  *See* N.D. Cal. Civ. L.R. 3-9(a).

15                **DISCUSSION**

16        Plaintiff's complaint does not comply with Rule 8 because it does not allege enough facts,

17   in enough detail, to give Defendants fair notice of the basis for his claims.  The complaint alleges

18   interactions on September 14, October 15, November 5, and December 30, 2021, but it does not

19   explain with specificity why Plaintiff believes the interactions were unlawful or which particular

20   Defendants violated Plaintiff's rights in each interaction.  The complaint must set forth specific

21   factual allegations that, if assumed true, would allow the Court to draw the reasonable inference

22   that each Defendant is liable for the misconduct alleged.

23        Additionally, Judge Smith is immune from Plaintiff's claim.  "[A]bsolute immunity

24   insulates judges from charges of erroneous acts or irregular action, even when it is alleged that

25   such action was driven by malicious or corrupt motives."  *In re Castillo*, 297 F.3d 940, 947 (9th

26   Cir. 2002).  "Judicial immunity discourages collateral attacks on final judgments through civil

27   suits, and thus promotes the use of appellate procedures as the standard system for correcting

28   judicial error.  Most judicial mistakes or wrongs are open to correction through ordinary

1    mechanisms of review." *Id.* (cleaned up).  Because of absolute judicial immunity, Plaintiff's claim

2    against Judge Smith is barred.

3                                        **CONCLUSION**

4            For the reasons explained above, Plaintiff's claims against Judge Smith are barred by

5    absolute judicial immunity and thus are dismissed without leave to amend.  The remainder of

6    Plaintiff's claims are not sufficient under 28 U.S.C. § 1915.  If Plaintiff believes he may cure the

7    deficiencies, or at least some of the deficiencies, he may file an amended complaint on or before

8    **May 4, 2022**.  The Court cannot refer to prior pleadings to make an amended complaint complete.

9    Thus, Plaintiff's amended complaint must be complete in itself because it replaces the previously

10   filed complaints.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

11           The Court encourages Plaintiff to seek free assistance from the Northern District's Legal

12   Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102.

13   Plaintiff should make a telephone appointment by calling (415) 782-8982 or emailing

14   fedpro@sfbar.org.

15           Finally, Plaintiff is warned that failure to comply with the Federal Rules of Civil

16   Procedure, the Local Rules, or any court order could result in dismissal of his complaint.

17   Similarly, failure to file an amended complaint that cures the above-identified deficiencies could

18   also lead to dismissal of his complaint.

19           **IT IS SO ORDERED.**

20   Dated: April 4, 2022

21

22

23                                                                    JACQUELINE SCOTT CORLEY
                                                                      United States District Judge
24

25

26

27

28

United States District Court
Northern District of California

4