1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    KEITH RIVERS,                          Case No.  22-cv-01576-JSC
8              Plaintiff,
9        v.                                 **SCREENING ORDER PURSUANT TO
                                            28 U.S.C. § 1915**
10   CITY OF AMERICAN CANYON, et al.,       Re: Dkt. No. 6
11             Defendants.
12
13        The Court previously reviewed Plaintiff's complaint and determined that his claim against
14   Judge Smith was barred by absolute judicial immunity and the remainder of his claims were not
15   sufficiently pleaded.  (Dkt. No. 5.)
16            The complaint alleges interactions on September 14, October 15,
17            November 5, and December 30, 2021, but it does not explain with
             specificity why Plaintiff believes the interactions were unlawful or
18            which particular Defendants violated Plaintiff's rights in each
             interaction.  The complaint must set forth specific factual allegations
19            that, if assumed true, would allow the Court to draw the reasonable
             inference that each Defendant is liable for the misconduct alleged.
20   (*Id.* at 3.)  The Court gave Plaintiff the opportunity to amend and now reviews the First Amended
21   Complaint ("FAC") pursuant to 28 U.S.C. § 1915.  (Dkt. No. 6.)
22        The FAC removes Judge Smith as a Defendant and removes allegations about their
23   interaction on October 15, 2021.  It adds citations to Title VI of the Civil Rights Act of 1964 and
24   the Fair Housing Amendments Act.  However, the FAC adds no factual allegations to support
25   Plaintiff's claims for relief.  As the Court explained, Plaintiff must state with specificity which
26   Defendants he believes violated which of his rights.  Plaintiff alleges a broad conspiracy between
27   police officers of American Canyon and Napa County, his neighbors, the property management
28   company of his residence, and the property management company's attorneys, but he does not

United States District Court
Northern District of California

explain how they acted together or who did what to violate Plaintiff's rights.

Because Plaintiff's claims are not "sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests,'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)), the Court again gives Plaintiff the opportunity to amend the complaint.  If Plaintiff believes he may cure the deficiencies, or at least some of the deficiencies, he may file a **Second Amended Complaint** on or before **June 13, 2022**.  The Court cannot refer to prior pleadings to make an amended complaint complete.  Thus, Plaintiff's Second Amended Complaint must be complete in itself because it replaces the previously filed complaints.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court again encourages Plaintiff to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Plaintiff should make a telephone appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org.

Finally, Plaintiff is warned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or any court order could result in dismissal of his complaint. Similarly, failure to file a Second Amended Complaint that cures the above-identified deficiencies could also lead to dismissal of his complaint.

**IT IS SO ORDERED.**

Dated: May 12, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

2