UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RIVERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF AMERICAN CANYON, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01576-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 9 |

The Court now reviews Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915. (Dkt. No. 9; *see* Dkt. Nos. 1, 5, 6, 8.)[1] As in the previous complaints, Plaintiff brings claims for violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (Dkt. No. 9 at 12.) He also describes "violation of civil and constitutional rights, discrimination, negligence, false arrest, false imprisonment, conspiracy, slander, libel, discourtesy, racial profiling, wrongful eviction, harassment, mental distress, emotional distress, and pain and suffering." (*Id.* at 1.) He names as Defendants various municipalities and agencies; police officers; neighbors; the property management company of Plaintiff's residence; and the property management company's attorneys. As explained below, the Court orders service of the Second Amended Complaint on two Defendants.

I.   **Non-Police Defendants**

The Court previously explained that Plaintiff's claims were not sufficiently pleaded and that he must add factual allegations and state with specificity which Defendants he believes violated which of his rights. (Dkt. No. 8.) With respect to the majority of Defendants, the Second

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Amended Complaint does not add enough factual allegations to give Defendants fair notice of Plaintiff's claims and the grounds on which they rest. *See Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, Plaintiff's claims against the City of American Canyon, City of Napa, County of Napa, Napa County Superior Court, Napa County Department of Corrections, Reliant Property Management, Demetrius Mance, Jacqueline Ponce, Averen Calvin, Luis Doe, Krista Anne-Marie Lister, Scott Chaplan, Gary Fidler, Richard Greene, Victor Ramon Fregoso, and Valerina Prekaj are DISMISSED. The dismissal is without leave to amend as the Court has twice given Plaintiff leave to amend his claims against this long list of defendants and he has not been able to state a claim against them; nor has he alleged facts that suggest if given leave again he might be able to state a claim against them. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

## II.     Police Defendants

With respect to Defendants involved in Plaintiff's arrest on November 5, 2021, the Second Amended Complaint describes the arrest with more specificity. (Dkt. No. 9 ¶¶ 15–18.) Plaintiff alleges Sergeant Scott, Officer Wagoner, and at least six other officers of the American Canyon Police Department and Napa County Sheriff's Department came to Plaintiff's residence. They arrested Plaintiff for a misdemeanor without a warrant. By contrast, when Plaintiff's car was felony vandalized by his neighbor Victor Ramon Fregoso, on September 14, 2021, only two officers responded and took more than 45 minutes to do so. Mr. Fregoso had threatened and harassed Plaintiff for months and attacked him at least once. Nonetheless, the responding officers, Sergeant Scott and Officer Ruggiero, did not arrest Mr. Fregoso.

### A.     Alleged Misdemeanor Not Committed in Officers' Presence

To state a claim under Section 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  Plaintiff alleges certain Defendants arrested him for a misdemeanor not committed in the officers' presence, in violation of California law.  (Dkt. No. 9 ¶ 15.)  While Plaintiff is correct as to what is required by California law, this violation of state law cannot support a Section 1983 claim.  Such a claim must be based on "deprivation of a federal constitutional or federal statutory right," and the Fourth Amendment to the U.S. Constitution does not "require[] that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest." *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990).  Thus, Plaintiff does not adequately state a Section 1983 claim with respect to the allegedly illegal conduct not occurring in the officers' presence.  Because this claim fails as a matter of law, it is DISMISSED without leave to amend.  *See Cervantes*, 656 F.3d at 1041.

### B.     Lack of Probable Cause

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (cleaned up).  "Probable cause exists when there is a fair probability or substantial chance of criminal activity . . . based upon the totality of the circumstances known to the officers at the time . . . ." *Id.* (cleaned up).

Plaintiff states that his arrest was "false[]," (Dkt. No. 9 ¶ 15), but he does not sufficiently allege facts that, if assumed true, would support an inference that the arrest was without probable cause.  *See Iqbal*, 556 U.S. at 678 (2009).  Rather, the factual allegations focus on the officers not being in Plaintiff's presence when the allegedly illegal conduct took place.  Because the complaint cannot fairly be read to assert a claim of arrest without probable cause, the claim is DISMISSED without prejudice but also without leave to amend.  *See Cervantes*, 656 F.3d at 1041.

### C.     Equal Protection

The equal protection clause of the Fourteenth Amendment guarantees the right to be free

from racial discrimination in policing. *See Elliot-Park v. Manglona*, 592 F.3d 1003, 1006–08 (9th Cir. 2010). A Section 1983 equal protection claim may challenge a police officer's decision not to investigate a crime or not to arrest a suspect if the decision was motivated by the victim's race or the suspect's race. *See id.* at 1006 ("[W]hile . . . officers' discretion . . . is certainly broad, it cannot be exercised in a racially discriminatory fashion."); *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir.2000) (noting that while there is no right to state protection against criminal conduct, "[t]here is a constitutional right . . . to have police services administered in a non-discriminatory manner—a right that is violated when a state actor denies such protection to disfavored persons").

Plaintiff is African American. While he does not specifically allege the racial background of Mr. Fregoso or the officers who responded on September 14 or November 5, 2021, he alleges that only 2.5% of the Napa County population is African American. (Dkt. No. 9 ¶ 14.) He alleges he is a member of a protected class; that Defendants discriminated against him due, in part, to his race; and that he was racially profiled, (*id.* ¶¶ 14–18). *Cf. Vinatieri v. Mosley*, 787 F. Supp. 2d 1022, 1030 (N.D. Cal. 2011) (concluding that plaintiff failed to state an equal protection claim where he "acknowledge[d] that he has not alleged membership in any protected class," but "argue[d] he [was] a member of a 'class of one'"). And he alleges that officers responded to Mr. Fregoso's alleged violent felony more slowly, with fewer officers, and without an arrest, as compared to Plaintiff's alleged misdemeanor.

These allegations are more than "naked assertion[s]," *Iqbal*, 556 U.S. at 678, and liberally construed the complaint states a cognizable equal protection claim under Section 1983. Without the benefit of full briefing from the parties, the Court cannot conclude that the claim is deficient as a matter of law. Accordingly, at this early stage it passes Section 1915 review.

**CONCLUSION**

The following claims are DISMISSED without leave to amend:

- Claims against the City of American Canyon, City of Napa, County of Napa, Napa County Superior Court, Napa County Department of Corrections, Reliant Property Management, Demetrius Mance, Jacqueline Ponce, Averen Calvin, Luis Doe, Krista

Anne-Marie Lister, Scott Chaplan, Gary Fidler, Richard Greene, Victor Ramon Fregoso, and Valerina Prekaj;

- The Section 1983 claim against Sergeant Scott, Officer Wagoner, and/or other officers of the American Canyon Police Department and Napa County Sheriff's Department with respect to Plaintiff's allegedly illegal conduct around November 5, 2021 not occurring in the officers' presence; and

- The Section 1983 claim against Sergeant Scott, Officer Wagoner, and/or other officers of the American Canyon Police Department and Napa County Sheriff's Department with respect to Plaintiff's November 5, 2021 arrest being without probable cause.

However, Plaintiff's Section 1983 equal protection claim against Sergeant Scott and Officer Wagoner is not dismissed. The Court's decision is without prejudice to these Defendants filing a motion to dismiss the equal protection claim. The Court is not ordering service of the claims against any other officers of the American Canyon Police Department and Napa County Sheriff's Department, as none are named.

The Court directs the Clerk of Court to issue the summons. The U.S. Marshal or the Clerk's Office for the Northern District of California shall serve, without prepayment of fees, a copy of the Second Amended Complaint (Dkt. No. 9); earlier complaints and screening orders (Dkt. Nos. 1, 5, 6, 8); scheduling order (Dkt. No. 3); this order; and any other documents specified by the Clerk, on Defendants **Sergeant Jeff Scott and Officer Wagoner of the American Canyon Police Department**. As explained above, the only live claim is the **Section 1983 equal protection claim** against Sergeant Scott and Officer Wagoner.

**IT IS SO ORDERED.**

Dated: July 8, 2022

JACQUELINE SCOTT CORLEY
United States District Judge