1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

KEITH RIVERS,

Case No.  22-cv-01576-JSC

Plaintiff,

8

9

v.

**ORDER OF DISMISSAL FOR
FAILURE TO PROSECUTE**

10

AMERICAN CANYON POLICE
DEPARTMENT, et al.,

Re: Dkt. No. 24

11

Defendants.

12

13        Defendants were served with Plaintiff's complaint on August 15, 2022 and answered on

14   September 26, 2022.  (Dkt. Nos. 9, 10, 13, 17.)[1]  The Court held an initial case management

15   conference on October 20, 2022.  Plaintiff failed to appear.  (Dkt. Nos. 18, 20.)  The Court set a

16   further case management conference for November 17, 2022 and warned Plaintiff that if he failed

17   to appear the Court would issue an order to show cause for failure to prosecute.  (Dkt. No. 20.)

18   Plaintiff again failed to appear and did not otherwise communicate with the Court.  (Dkt. No. 23.)

19   The Court issued an order directing Plaintiff to show cause why his case should not be dismissed

20   for failure to prosecute, in writing, by November 28, 2022.  (Dkt. No. 24.)  To date, Plaintiff has

21   not filed any response.

22                              **DISCUSSION**

23        Under Federal Rule of Civil Procedure 41(b), a court may involuntarily dismiss an action if

24   the plaintiff fails to prosecute or fails to comply with a rule or court order.  *See* Fed. R. Civ. P.

25   41(b); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

26        Courts are to weigh five factors in deciding whether to dismiss a case

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
ECF-generated page numbers at the top of the documents.

for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do.

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (cleaned up). The factors apply equally to deciding whether to dismiss for failure to prosecute. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

The balance of factors favors dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, Plaintiff's failure to prosecute has "caused the action to come to a complete halt," which prevents the Court from controlling the pace of its own docket. *Id.* (cleaned up). Third, although Defendants are not prejudiced just because the lawsuit is pending, they are at risk of prejudice from ongoing, unjustified delays; thus, this factor slightly favors dismissal. *See id.* at 990–91. Fourth, the public policy in favor of resolving cases on their merits weighs against dismissal. Fifth, the Court used less drastic measures by setting a further case management conference and issuing a written order that (1) required Plaintiff to show cause in writing why his case should not be dismissed for failure to prosecute and (2) warned that failure to comply could result in dismissal. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."); *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), as amended (May 22, 1992) (noting that order clearly explained what plaintiff needed to do and reiterated that failure to comply would result in dismissal). Since the initial case management conference on October 20, 2022, Plaintiff has not appeared, filed anything, or otherwise communicated with the Court.

Accordingly, the balance of factors favors dismissal.

## CONCLUSION

This case is DISMISSED for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The Clerk shall close the file.

//

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: January 3, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California